IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.                                                                            3:05cr118/RV
                                                                                    3:07cv292/RV/MD

WILLIAM HENRY DUDLEY

**REPORT AND RECOMMENDATION**

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 106). The government has filed a response (doc. 115) and the defendant has filed a reply (doc. 117). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After a careful review of the record and the arguments presented, it is the opinion of the undersigned that defendant has not raised any issue requiring an evidentiary hearing, Rules Governing Section 2255 Cases 8(a) and (b), and that the motion should be denied.

**I. BACKGROUND**

Defendants James Oliver Fambro and William Henry Dudley were named in a five count indictment. Fambro was charged with conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base (count one), possession with intent to distribute fifty grams or more of cocaine base on a date certain (count two), being a felon in possession of a firearm (count four), and using a weapon during and in relation to a drug trafficking crime (count five). Dudley was charged with conspiracy to distribute and possess with intent to distribute more than fifty grams of cocaine base (count one),

possession with intent to distribute fifty grams or more of cocaine base on a date certain (count two), being a felon in possession of a firearm (count three).  The government filed a notice of enhancement information indicating its intent to seek enhanced penalties due to defendant's two prior felony drug offenses.  (Doc. 27).

Dudley, through appointed counsel Donald Sheehan, filed a motion to suppress evidence, which was denied after a hearing.  (Doc. 33, 35, 36, 37).  He then entered a plea of guilty pursuant to a written plea and cooperation agreement.  (Doc. 42).  The plea proceeding was unremarkable.  (Doc. 77).

The PSR established defendant's base offense level at 36, based on a marijuana equivalency of 11,347.74, based on the distribution of multiple substances.  (PSR ¶ 29). A two level adjustment was applied pursuant to § 2D1.1(b)(1) because a firearm was possessed during the course of the conspiracy, and defendant received a three level downward adjustment for acceptance of responsibility.  (PSR ¶¶ 30 & 35).  His total offense level was 35 and his criminal history category was I.  (PSR ¶¶ 38 & 46).

At sentencing, defendant denied that the government could prove beyond a reasonable doubt that he had two prior felony drug convictions, and depending on the court's ruling on that issue, indicated that he would raise other issues.  (Doc. 101 at 6-7). Because the defense objection was belatedly raised, the court continued the hearing so the government could prepare its response.

At the second sentencing hearing, after the government presented the testimony of several witnesses, counsel again argued that the government had not proven the defendant's identity beyond a reasonable doubt.  (Doc. 102, 57-60).  The court overruled the objection, noting the five year statute of limitations for challenging such convictions, and finding that the defendant's identity had been proven beyond a reasonable doubt. (Doc. 102 at 63-64).  Defense counsel's argument that § 5C1.2, the guidelines safety valve provision, should apply to his client was rejected.  (Doc. 102 at 67).

The court sustained the defense objection that the defendant's two priors should be counted as a single act of criminality.  Because of this ruling, defendant had only one prior

offense that qualified him for an enhanced sentence, thus reducing his mandatory minimum term from life to only twenty years imprisonment.  (Doc. 102 at 72, 76).

Finally, the government asked that the acceptance of responsibility reduction be taken away and that a point be added for obstruction of justice due to defendant's failure to admit his prior convictions.  The court noted that a single point adjustment would not affect the sentence because the guideline range was below the mandatory minimum, and that even if all of the requested adjustments were made, giving defendant a guidelines range of 235 to 293 months, it would still impose the same sentence.  (Doc. 102 at 80). Defendant was sentenced to the statutory minimum mandatory term of 240 months imprisonment on counts one and two, and a concurrent 120 month sentence on count three.

The government appealed, contending that the defendant was subject to a mandatory term of life imprisonment, but voluntarily dismissed the appeal.  (Doc. 100).

In the instant motion, defendant maintains that he was denied due process of law in that he had no prior conviction that would qualify him to receive an enhanced sentence (grounds one and two), that his sentence violated the Fifth Amendment, and that his sentence should be reduced due to retroactive amendments to the sentencing guidelines with respect to crack cocaine (ground four).  The government opposes the motion.

## II.  LEGAL ANALYSIS

Because collateral review is not a substitute for direct appeal, the grounds for collateral attack on final judgments pursuant to § 2255 are extremely limited.  A prisoner is entitled to relief under section 2255 if the court imposed a sentence that (1) violated the Constitution or laws of the United States, (2) exceeded its jurisdiction, (3) exceeded the maximum authorized by law or (4) is otherwise subject to collateral attack.  28 U.S.C. § 2255; *Thomas v. Crosby,* 371 F.3d 782, 811 (11th Cir. 2004); *United States v. Phillips*, 225 F.3d 1198, 1199 (11th Cir. 2000); *United States v. Walker*, 198 F.3d 811, 813 n.5 (11th Cir. 1999).  "Relief under 28 U.S.C. § 2255 'is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct

appeal and would, if condoned, result in a complete miscarriage of justice.'" *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (citations omitted). "[A] non-constitutional error that may justify reversal on direct appeal does not generally support a collateral attack on a final judgment, unless the error (1) could not have been raised on direct appeal and (2) would, if condoned, result in a complete miscarriage of justice." *Lynn*, 365 F.3d at 1232-33 (citations omitted); *Hill v. United States*, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962) (error of law does not provide basis for collateral attack unless claimed error constituted a "fundamental defect which inherently results in a complete miscarriage of justice."). The "fundamental miscarriage of justice" exception recognized in *Murray v. Carrier*, 477 U.S. 478, 496, 106 S. Ct. 2678, 2649, 91 L. Ed. 2d 397 (1986), provides that it must be shown that the alleged constitutional violation "has probably resulted in the conviction of one who is actually innocent. . . ."

A motion to vacate under section 2255 is not a substitute for direct appeal, and issues which could have been raised on direct appeal are generally not actionable in a section 2255 motion and will be considered procedurally barred. *Lynn v. United States,* 365 F.3d 1225, 1234-35 (11th Cir. 2004); *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 1610, 140 L.Ed.2d 828 (1998); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (recognizing that a ground is "available" on direct appeal when "its merits can be reviewed without further factual development"); *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Absent a showing that the ground of error was unavailable on direct appeal, a court may not consider the ground in a section 2255 motion unless the defendant establishes (1) cause for not raising the ground on direct appeal, and (2) actual prejudice resulting from the alleged error, that is, alternatively, that he is "actually innocent." *Lynn,* 365 F.3d at 1234; *Bousley,* 118 S.Ct. at 1611 (citations omitted). To show cause for procedural default, a defendant must show that "some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [defendant's] own conduct." *Lynn*, 365 F.3d at 1235. A meritorious claim of ineffective assistance of counsel can constitute cause. *See United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

With respect to an evidentiary hearing, although section 2255 mandates that the court conduct an evidentiary hearing "unless the motion and files and records conclusively show that the prisoner is entitled to no relief," a defendant must support his allegations with at least a proffer of some credible supporting evidence. *See Chandler v. McDonough,* 471 F.3d 1360 (11th Cir. 2006) (citing *Drew v. Dept. of Corrections,* 297 F.3d 1278, 1293 (11th Cir. 2002) (referring to "our clear precedent establishing that such allegations are not enough to warrant an evidentiary hearing in the absence of any specific factual proffer or evidentiary support"); *Hill v. Moore,* 175 F.3d 915, 922 (11th Cir. 1999) ("To be entitled to an evidentiary hearing on this matter [an ineffective assistance of counsel claim], petitioner must proffer evidence that, if true, would entitle him to relief."); *Ferguson v. United States*, 699 F.2d 1071, 1072 (11th Cir. 1983). A hearing is not required on frivolous claims, conclusory allegations unsupported by specifics, or contentions that are wholly unsupported by the record. *Peoples v. Campbell*, 377 F.3d 1208, 1237 (11th Cir. 2004); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991); *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (citations omitted). Likewise, affidavits that amount to nothing more than conclusory allegations do not warrant a hearing. *Lynn*, 365 F.3d at 1239. In this case, an evidentiary hearing is not warranted.

<u>Grounds One and Two–Failure to establish underlying conviction</u>

Defendant claims in grounds one and two of his motion that he did not have a prior qualifying conviction that supported application of the enhanced term of imprisonment, and that the district court failed to make this determination on the record. He also claims that his prior conviction was not for felony possession of cocaine, but rather simple possession, which lacked any trafficking scienter.

Defendant's challenge to the use of his prior conviction(s) to support the application of the enhancement could have been raised on direct appeal. He did not appeal, and therefore this claim is therefore procedurally barred. *See Lynn, Bousley, supra.*

Even if it were not procedurally barred, defendant's assertion is contradicted by the record. As detailed above, the district court held a thorough evidentiary hearing pursuant

to 21 U.S.C. § 851, as a result of which the court found, while not denying the validity of either conviction, that defendant's two prior felony drug convictions should be counted as a single criminal event for the purpose of the enhancement.  Additionally, the defendant entered a plea of guilty to count three of the indictment, which required an admission under oath that he was a felon with at least one prior felony drug conviction.  A defendant's statements during a Rule 11 colloquy as well as any findings made by the judge accepting the pleas constitute a formidable barrier in any subsequent collateral proceedings. *Blackledge v. Allison,* 431 U.S. 63, 73-74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977); cf. *Holmes v. United States*, 876 F.2d 1545, 1550 (11th Cir. 1989) (trial court satisfied itself during Rule 11 colloquy of voluntary and understanding nature of plea).  Solemn declarations made under oath in open court carry a strong presumption of verity. *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629*; United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994)*.*  They are presumptively trustworthy and are considered conclusive absent compelling evidence showing otherwise.  *Blackledge,* 431 U.S. at 73-74, 97 S.Ct. at 1629; *see also United States v. Gonzalez-Mercado,* 808 F.2d 796, 800 n.8 (11th Cir. 1987); *Downs-Morgan v. United States*, 765 F.2d 1534, 1541 n. 14 (11th Cir. 1985); *Potts v. Zant,* 638 F.2d 727, 750-51 (5th Cir. 1981) (citing *United States v. Sanderson*, 595 F.2d 1021 (5th  Cir. 1979)).

To the extent he argues that one of his convictions was a "mere" possession charge rather than a felony possession charge, he has produced no evidence in support of his assertion.  Furthermore, trafficking scienter is not required.  Therefore, defendant has not shown he is entitled to relief on this procedurally barred claim.

### Ground Three–Fifth Amendment violation under *Lopez v. Gonzalez*

Defendant claims that the Supreme Court's decision in *Lopez v. Gonzalez*, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006) should apply retroactively to his sentencing.  In *Lopez*, the Supreme Court held that "a state offense constitutes a 'felony punishable under the Controlled Substances Act' only if it proscribes conduct punishable as a felony under that federal law."  *Id.* At 633.  *Lopez,* which was a removal proceedings case pursuant to the

Immigration and Nationality Act (INA) has no bearing on defendant's case.  The definition of a felony drug offense under title 21 U.S.C. § 841 is not tied to the Controlled Substances Act, as was the case in *Lopez*.  See *United States v. Winningham*, 2007 WL 1308673 (N.D.Fl. May 3, 2007).  The term "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State."  *Id.;* 21 U.S.C. § 802(44).  Because defendant was convicted of two drug offenses punishable as felonies in the state of Georgia, his conviction(s) qualified to enhance his sentence under 21 U.S.C. § 841(b)(1)(A), and he is not entitled to relief.

Ground Four–Guidelines Amendments

Defendant contends in ground four that the retroactive amendments to the sentencing guidelines which reduced offense level conduct for crack cocaine should be applied to his case.  Such a modification to the sentencing guidelines would have no impact on defendant's case as he was sentenced in accordance with the statutory mandatory minimum, not the guidelines.  No relief is warranted.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 106) be DENIED.

At Pensacola, Florida, this 28th day of March, 2008.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

*Case No: 3:05cr118/RV; 3:07cv292/RV/MD*

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.**  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).